## Edward S. Wilson

*v.*

## David Miller.

FRAUD AND CIRCUMVENTION. A party who was sued upon what purported to be a promissory note, testified: "I never signed the note. Some one came to my house, inquiring the way to Grove township, and asked me to sign my name and post office address in a book. I did so. He said he would send me a fork to show the farmers in Grove township, and would come back in two weeks to take the fork, when he would pay me for my trouble. He never came back. He did not ask me to buy the fork or give him my note. I signed my name and post office address on a blank page of a book produced for that purpose:" *Held*, these facts, uncontradicted, were sufficient to show the execution of the note was procured by fraud.

APPEAL from the Circuit Court of Jasper county; the Hon. James C. Allen, Judge, presiding.

Messrs. Wilson & Hutchinson, for the appellant.

Mr. John H. Halley, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Appellant urges a reversal of the judgment in this case, alone, upon the ground that the verdict is contrary to the evidence. The suit was brought to recover upon a promissory note, dated June 18, 1868, due in one year, for $100, given by David Miller, appellee, to T. W. Barbour, and by him indorsed to appellant, August 28, 1868.

The defense relied upon by appellee, in the circuit court, was, that the making of the note was obtained by fraud.

The jury rendered a verdict in favor of appellee. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

The only evidence before the jury, on the question of fraud in obtaining the execution of the note, was that of appellee. He testified as follows: "I never signed the note. Some one came to my house, inquiring the way to Grove township, and asked me to sign my name and post office address in a book. I did so. He said he would send me a fork to show the farmers in Grove township, and would come back in two weeks to take the fork, when he would pay me for my trouble. He never came back. He did not ask me to buy the fork or give him my note. I signed my name and post office address on a blank page of a book produced for that purpose."

This evidence was not contradicted or its truth questioned, so far as we can learn from the record. It is true, appellant testified, when he presented the note to appellee, he promised to pay it if it was left with one Halley. This, appellee denies. Crowley, a witness for appellant, was present at this interview. He does not, however, sustain appellant. He testified plaintiff told defendant that he would leave the note with Halley, and defendant said he would see Halley. The evidence upon this point in the case was conflicting, and it was for the jury to determine which of the parties were entitled to the greater degree of credit.

Upon the main question in the case, whether the execution

of the note was obtained by fraud, we are of opinion there was evidence enough before the jury to sustain the verdict.

Where no questions of law are involved, it is the settled doctrine of this court not to reverse unless the verdict is clearly contrary to the weight of evidence. Such is not this case.

The judgment will therefore be affirmed.

*Judgment affirmed.*